THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California  94704
Telephone:  (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:        sgt@tidricklaw.com
E-mail:        jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff RORY ARMSTRONG



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY ARMSTRONG, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>   v.<br><br>BAUER'S INTELLIGENT TRANSPORTATION, INC.; and DOES 1-50,<br><br>               Defendants. | Civil Case No.: 3:13-cv-02691-MMC (MEJ)<br><br>**PLAINTIFF'S REQUEST FOR COURT TO FASHION ALTERNATIVE DISCOVERY PROCEDURE; DECLARATION OF JOEL B. YOUNG, ESQ.**<br><br>Complaint Filed:  March 29, 2013<br><br>First Amended Complaint Filed: May 13, 2013 |

## ATTESTATION

The parties' counsel have met and conferred regarding this discovery dispute in person on June 13, 2014 and have exchanged correspondence via email regarding same.

Dated:  June 23, 2014

/s/ Joel B. Young
_____
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662

I. **Unresolved Dispute**

Whether Defendant Bauer's Intelligent Transportation, Inc. ("Defendant" or "Bauer's") should be compelled to produce all route sheets in an unredacted form, for all corporate shuttle work performed during the class period, which is March 29, 2009 and onwards (the "Route Sheets"). An example of a redacted Route Sheet is in the record at Docket No. 35-1 at page 12 of 24 (page bates numbered ARMSTRONG-MEDIATION000032).

II. **Factual Background**

On April 11, 2014, Plaintiff Rory Armstrong ("Plaintiff") filed a motion to compel the production of the Route Sheets after numerous attempts to resolve this discovery dispute. *See* Plaintiff's Notice of Motion and Motion to Compel Discovery Responses (Docket No. 32). On April 16, 2014, Plaintiff's motion and all future discovery matters were referred to Judge Maria-Elena James. (Docket No. 34). Plaintiff's counsel attempted to obtain Defendant's cooperation to draft a joint letter to comply with the Court's standing order, but Defendant's counsel was unresponsive, so Plaintiff was forced on May 23, 2014 to file a request for the Court to fashion an alternative discovery procedure. *See* Plaintiff's Request for Court to Fashion Alternative Discovery Procedure (Docket No. 39). On May 28, 2014, Judge James ordered the parties to appear at the Court and to meet-and-confer there in person on June 6, 2014. (Docket No. 40).

Pursuant to that order, on June 6, 2014 Plaintiff Rory Armstrong ("Plaintiff") and Defendant appeared in Court, met and conferred there, and submitted a joint letter in which Plaintiff requested that the Court compel Defendant to produce the Route Sheets. (Docket No. 41). On June 10, 2014, the Court issued a detailed order that concluded as follows:

> Based on the foregoing, the Court ORDERS Bauer's to produce a representative sample of Route Sheets for all corporate transit work performed during the period from March 29, 2009 onwards. The parties shall meet and confer in person for the purpose of determining a reasonable sampling. The parties shall also meet and confer for the purpose of crafting a protective order regarding disclosure of the Route Sheets. If unable to reach an agreement, the parties shall file a joint letter, in compliance with the undersigned's Discovery Standing Order, by June 23, 2014. If Bauer's chooses to redact client names despite the protective order; it must be prepared to meet and confer with Plaintiff and provide more specific geographic information for any entries that do not permit Armstrong to determine a pick up/drop off location based on the information provided.

See Docket No. 41, at 8:6-14.

The parties met and conferred in person on June 13, 2014, to discuss production of the Route Sheets. *See* Declaration of Joel B. Young ¶ 3. Prior to that conference, Plaintiff's counsel requested that Defendant be prepared to discuss the following information "in order for us to determine a representative sample that is statistically significant":

1 - The total number of clients for which Defendant provided fixed route "transit" work during the class period.

2 - The number of routes performed for each client during the class period.

3 - The specific range of dates within the class period (e.g. Jan 1, 2012 through Jan 1, 2013) when each route was performed.

4 - The total amount of time scheduled for the operator to perform each route.

5 - The total amount of compensatory time associated with each route.

6 - The cities covered by each route.

*See* Young Decl., ¶ 2, Ex. A.

At the in-person conference on June 13, 2014, **_Defendant disclosed for the very first time that it does not have any Route Sheets for the years 2009, 2010, or before a certain date in 2011_**. *See* Young Decl., ¶¶ 3-4, Ex. B (e-mail of June 16, 2014 memorializing Defendant's disclosure of that fact). Defendant also did not provide the information that Plaintiff had requested regarding the Route Sheets. *See* Young Decl., ¶ 3.

On June 16, 2014, Plaintiff requested that the parties meet and confer again on June 19, 2014 and that Defendant provide the following information for the Route Sheets that were in Defendant's possession in order to identify a representative sample of the Route Sheets: (1) the total number of clients for which Defendant provided fixed route "transit" work from 2011 to the present; (2) the number of routes performed for each client from 2011 to the present; (3) the specific range of dates within the class period (*e.g.* Jan 1, 2012 through Jan 1, 2013) when

each route was performed; (4) the total amount of time scheduled for the operator to perform each route from 2011 to the present; (5) the total amount of compensatory time associated with each route from 2011 to the present; and (6) the cities covered by each route from 2011 to the present.  *See* Young Decl., ¶ 4, Ex. B (e-mail of June 16, 2014).

Defendant did not respond to Plaintiff's request or provide its portion of a joint letter brief outlining its position regarding production of the Route Sheets.  *See* Young Decl., ¶ 5.

### III. Requested Relief

In light of the Defendant's disclosure that it does not have any Route Sheets for a significant portion of the class period (specifically, that it does not have any Route Sheets for the years 2009, 2010, or before a certain date in 2011), Plaintiff now is requesting that the Court order Defendant to produce all route sheets in an unredacted form, for all corporate shuttle work performed from 2011 and onwards.  Defendant's assertion that producing the Route Sheets is burdensome lacks credibility given (1) Defendant's failure to previously disclose that the Route Sheets before a certain date in 2011 no longer exist, and (2) that as a result, the only Route Sheets in existence to produce are from a certain date in 2011 onwards.  If Defendant maintains that such production is overly burdensome, the Court should order Defendant to state with particularity why the production of documents for that limited period of time is burdensome.

In any case, Defendant should also be ordered to (A) state in writing, with particularity, (1) the date(s) when the Route Sheets before a certain date in 2011 were destroyed; and (2) the details of Defendant's document retention and destruction policies and practices whereby the Route Sheets were destroyed; and (B) be ordered to produce copies of any documentation describing Defendant's document retention and destruction policies in effect during the time period of March 29, 2009 through the present.  In addition, because Defendant's clients may be the only source of the Route Sheets that Defendant destroyed, Defendant should be ordered to produce a written list of the names, addresses, phone numbers, and email addresses of all of Defendant's clients for corporate shuttle work performed from March 29, 2009 through 2011.

Alternatively, in the event that Court is unwilling to grant Plaintiff's request, Plaintiff

requests that the Court order Defendant to produce the following information in order to determine a representative sample of the Route Sheets: (1) the total number of clients for which Defendant provided fixed route "transit" work from 2011 to the present; (2) the number of routes performed for each client from 2011 to the present; (3) the specific range of dates within the class period (*e.g.* Jan 1, 2012 through Jan 1, 2013) when each route was performed; (4) the total amount of time scheduled for the operator to perform each route from 2011 to the present; (5) the total amount of compensatory time associated with each route from 2011 to the present; and (6) the cities covered by each route from 2011 to the present.

DATED: June 23, 2014                     Respectfully submitted,

                                                      THE TIDRICK LAW FIRM

                                      By:  /s/ Steven G. Tidrick
                                                   _____
                                                   THE TIDRICK LAW FIRM
                                                   STEVEN G. TIDRICK, SBN 224760
                                                   2039 Shattuck Avenue, Suite 308
                                                   Berkeley, California  94704
                                                   Telephone:     (510) 788-5100
                                                   Facsimile:      (510) 291-3226
                                                   E-mail :        sgt@tidricklaw.com

                                                 Attorneys for Individual and Representative
                                                 Plaintiff RORY ARMSTRONG

## DECLARATION OF JOEL B. YOUNG, ESQ.

     I, Joel B. Young, declare:

     1.     I am an attorney for Plaintiff in this action and I have personal knowledge of each fact stated in this declaration, except where a fact is stated on information and belief, and as to each such fact I believe it to be true.

     2.     On June 11, 2014, I emailed Defendant's counsel to request that Defendant be prepared to discuss certain information at an in-person conference on June 13, 2014, in order to determine a representative sample that is statistically significant, specifically: (1) the total number of clients for which Defendant provided fixed route "transit" work during the class

period; the number of routes performed for each client during the class period; (3) the specific range of dates within the class period (*e.g.* Jan 1, 2012 through Jan 1, 2013) when each route was performed; (4) the total amount of time scheduled for the operator to perform each route; (5) the total amount of compensatory time associated with each route; and (6) the cities covered by each route. Attached hereto as **Exhibit A** is a true and correct copy of my email of June 11, 2014.

      3.      On June 13, 2014, I engaged in an in-person meet-and-confer session pursuant to the Court's Discovery Order issued on June 10, 2014. During that in-person meet-and-confer session, Defendant's counsel disclosed for the very first time that Defendant does not have any Route Sheets for the years 2009, 2010, or before a certain date in 2011. Defendant also did not provide the information that I had requested in my June 11, 2014 e-mail.

      4.      On June 16, 2014, I emailed Defendant's counsel to request that the parties meet and confer again on June 19, 2014 and that Defendant provide the following information for the Route Sheets that were in Defendant's possession in order to identify a representative sample of the Route Sheets: (1) the total number of clients for which Defendant provided fixed route "transit" work from 2011 to the present; (2) the number of routes performed for each client from 2011 to the present; (3) the specific range of dates within the class period (*e.g.* Jan 1, 2012 through Jan 1, 2013) when each route was performed; (4) the total amount of time scheduled for the operator to perform each route from 2011 to the present; (5) the total amount of compensatory time associated with each route from 2011 to the present; and (6) the cities covered by each route from 2011 to the present. Attached hereto as **Exhibit B** is a true and correct copy of my email dated June 16, 2014.

      5.      As of today, Defendant has not responded to my email attached hereto as **Exhibit B** or provided its portion of a joint letter outlining its position regarding production of the Route Sheets.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 23, 2014

Berkeley, California                                                     /s/ Joel B. Young

                                                            JOEL B. YOUNG