THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff RORY ARMSTRONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RORY ARMSTRONG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAUER'S INTELLIGENT TRANSPORTATION, INC.; and DOES 1-50,<br>Defendants. | Civil Case Number: 3:13-cv-02691-MMC<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**<br><br>Hearing Date: September 18, 2015<br>Time: 9:00 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom 7, 19th Floor<br><br>The Honorable Maxine M. Chesney |

**TABLE OF CONTENTS**

NOTICE OF MOTION………..…………………………………………………….....1

MEMORANDUM OF POINTS AND AUTHORITIES……..……………………..….2

I.  INTRODUCTION…………….…..…………………………………..…….…..1

II. NATURE OF THE CASE AND PROCEDURAL HISTORY…………...….…….2

    A. Plaintiff's Position ………......……………………………………………….2

    B. Defendant's Position ………...…………………………………………….3

    C. Procedural History ..………...…………………………………………….3

        1.      Litigation Prior to Mediation………………………….……..3

        2.      Mediation Sessions and Agreement to Class Settlement …………...4

        3.      The Settlement Is An Outstanding Result for the Class ………..….4

III.   ARGUMENT…………………………………………………………..7

    A.  The Settlement Meets the Legal Standard for Class Certification………...7

        1.      Proposed Settlement Class Is Sufficiently Numerous ….………..8

        2.      The Commonality Requirement Is Met ……………………………8

        3.      The Typicality Requirement Is Met ……………………….…..9

        4.      Adequacy of Representation……………………………………10

        5.      The Proposed Class Satisfies The Requirements of Rule 23(b)(3)…11

    B.  The Court Should Approve the Settlement Agreement as Fair and

        Reasonable ……………………………………………….…….14

IV.    CONCLUSION…………………………………………………………..15

i

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD, AND REIMBURSEMENT OF COSTS - 3:13-cv-02691-MMC

**TABLE OF AUTHORITIES**

**Cases**

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997) ……………………………………………………………..… **8, 13**

*AT&T Mobility LLC v. Concepcion*,
131 S. Ct. 1740 (2011) …………………………………………….…..…..………....**13**

*Bickley v. Schneider Nat'l Carriers, Inc.*,
2012 U.S. Dist. LEXIS 190278 (N.D. Cal. Sept. 7, 2012). ………………...…..……....**12**

*Blackie v. Barrack*,
524 F.2d 891, 903 (9th Cir. 1975) …………………………………………...........……**11**

*Chamberlan v. Ford Motor Co.*,
223 F.R.D. 524 (N.D. Cal. 2004) …………………………..………………….…..…**13**

*Ching v. Siemens Indus.*,
2014 U.S. Dist. LEXIS 89002 (N.D. Cal. June 27, 2014) ……………….....…………....**14**

*Eddings v. Health Net, Inc.*,
2011 U.S. Dist. LEXIS 115989 (C.D. Cal. July 27, 2011) ……………....……………….**9**

*Ellis v. Costco Wholesale Corp.*,
657 F.3d 970 (9th Cir. 2011). …………………………………….......………..…….**9**

*Erica P. John Fund, Inc. v. Halliburton Co.*,
131 S. Ct. 2179 (2011) …………………………………………………...………….**11**

*Frederick v. Range Resources-Appalachia, LLC*,
2011 U.S. Dist. LEXIS 27350 (W.D. Pa. Mar. 17, 2011) …………………………..…. **14**

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ………………………………………………….……...**10**

*Hanon v. Dataproducts Corp.*,
976 F.2d 497 (9th Cir. 1992) ………………………………………………………...**9**

*In re Amer. Inv. Life Ins. Co. Annuity and Mktg. & Sales Practices Litig.*,
263 F.R.D. 226 (E.D. Pa. 2009) ……………………………………………....………. **15**

*In re Rent-Way Sec. Litig*,
305 F. Supp. 2d 491 (W.D. Pa. 2003) …………………………………….....…………. **15**

ii

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD, AND REIMBURSEMENT OF COSTS - 3:13-cv-02691-MMC

*Kincaid v. City of Fresno,*
244 F.R.D. 597 (E.D. Cal. 2007) ……….….………………………………....….….…11

*Mendez v. R+L Carriers, Inc.*,
2012 U.S. Dist. LEXIS 165221 (N.D. Cal. Nov. 19, 2012) ……………….……...…….12

*Ortega v. J.B. Hunt Transp., Inc.*,
258 F.R.D. 361 (C.D. Cal. 2009) ……..……………………………………………...  11, 12

*Ortega v. J.B. Hunt Transp., Inc.*,
2012 U.S. Dist. LEXIS 183638 (C.D. Cal. Dec. 18, 2012) …..………………………….. 11, 12

*Otsuka v. Polo Ralph Lauren Corp.*,
251 F.R.D. 439 (N.D. Cal. 2008) …………………………………………….…..………10

*Ramos v. SimplexGrinnell LP*,
796 F. Supp. 2d 346 (E.D.N.Y. 2011). ……………..………………………………….….8

*Schwartz v. Harp*,
108 F.R.D. 279 (C.D. Cal. 1985) …………………………………..…..………….…..….9

*Staton v. Boeing Co.*,
327 F.3d 938 (9th Cir. 2003) ……………………………………..………………...….…10

*Stitt v. San Francisco Mun. Transp. Agency*,
2014 U.S. Dist. LEXIS 61522 (N.D. Cal. May 2, 2014) ……..………….…...……….…11

*Stockwell v. City & County of San Francisco*,
749 F.3d 1107, 2014 U.S. App. LEXIS 7694 (9th Cir. 2014). …………………..…........9

*Stoetzner v. U.S. Steel Corp.*,
897 F.2d 115 (3d Cir. 1990). ……………………………………………………….......14

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) …………………………………………….……  8, 9, 12

*Wallace v. Powell*,
301 F.R.D. 144 (M.D. Pa. 2014) ……..………….…..…….…………………..14, 15

*Wren v. RGIS Inventory Specialists*,
256 F.R.D. 180 (N.D. Cal. 2009) ……………….………..…………………….…..11

**Statutes and Rules**

Fed. R. Civ. Proc. 23 ……………………………………………………..….…...***passim***

**Treatises**

NEWBERG ON CLASS ACTIONS. …………………….............................................. 7

iv

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD, AND REIMBURSEMENT OF COSTS - 3:13-cv-02691-MMC

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on September 18, 2015, at 9:00 am, or as soon thereafter as the matter may be heard in the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, 19th Floor, Courtroom 7, the Honorable Maxine M. Chesney presiding, Plaintiff Rory Armstrong will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure 23(h) for the following Orders:

1. Final approval of the Parties' proposed Joint Stipulation of Settlement and Release and the attachment thereto entitled Notice of Class Action Settlement, filed April 10, 2015 ("Settlement") (Docket No. 57), with certain modifications as set forth in the Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement (Docket No. 66), as fair and reasonable;

2. Certification of the following Class and Collective Action for settlement purposes only pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b): All current and former employees of Bauer's Intelligent Transportation, Inc. who worked in the State of California and were employed as a bus operator or in an equivalent position at any time within the Class Period, *i.e.*, the time period from March 29, 2009 through the Date of Preliminary Approval.

3. Appointment of Plaintiffs' attorneys, Steven G. Tidrick, Esq. and Joel Young, Esq. of The Tidrick Law Firm as Class Counsel, and Plaintiff Rory Armstrong as the Class Representative;

4. Appointment of Gilardi & Co. LLC as the settlement administrator.

5. The *cy pres* recipient shall be Legal Aid Society – Employment Law Center, 180 Montgomery Street, San Francisco, California.

The motion will be based on this Notice, the Memorandum of Points and Authorities, the declaration of a representative of the Settlement Administrator, the other records, pleadings, and papers filed in this action, and any evidence or argument presented at the hearing on this motion.

The Motion is made pursuant to the Order granting preliminary approval of the class-

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

wide settlement agreement (Order of May 29, 2015, Docket No. 66), as well as pursuant to the Court-approved Class Notice that the Settlement Administrator mailed to the Class Members.

Plaintiff filed a separate Motion for Award of Attorneys' Fees, Incentive Award, and Reimbursement of Costs on June 22, 2015 (Docket No. 68), which is noticed for hearing at the same time at this Motion.

DATED: September 4, 2015                    Respectfully submitted,

                                            THE TIDRICK LAW FIRM

                                 By:    /s/ Steven G. Tidrick
                                        _____
                                        STEVEN G. TIDRICK, SBN 224760

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

On May 29, 2015, the Court granted preliminary approval of the settlement with certain modifications, directed that notice be mailed to class members, and set the date for the fairness hearing. *See* Order of May 29, 2015 (Docket No. 66). Notice was mailed to class members regarding the terms of the settlement, the monetary relief, the allocation formula, and their right to opt out or object to the settlement. Out of the 302 individuals on the class list, only twelve (12) (fewer than four percent) have opted out of the settlement. No class member has objected to the settlement. *See* Declaration of Kathleen Wyatt (representative of the settlement administrator, Gilardi & Co), filed herewith. For the reasons stated below, Plaintiff respectfully requests that the Court grant final approval of the settlement.

## II.  NATURE OF THE CASE AND PROCEDURAL HISTORY

### A. Plaintiff's Position

On March 29, 2013, Plaintiff Rory Armstrong filed a lawsuit against Defendant in the Superior Court for the State of California, in and for the County of San Francisco, Case Number CGC-13-530147, and subsequently filed an amended complaint on May 13, 2013, alleging a variety of violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the California Labor Code, the California Business and Professions Code, the California Industrial

2

Welfare Commission Order No. 9-2001, and the San Francisco Administrative Code, including: failure to pay wages, failure to provide meal and rest periods, failure to pay for all work time including examination time, turn-in time, inspection time, meeting time, gap time, and overtime, failure to pay minimum wages, failure to timely pay wages, during employment and following termination, failure to properly distribute gratuities, failure to provide accurate wage statements, failure to maintain accurate employment records, violation of Business and Professions Code § 17200, and claims under PAGA.  On or about June 11, 2013, Defendant filed an answer to the Complaint, denying all claims alleged therein. On or about June 12, 2013, Defendant removed the Action to the U.S. District Court for the Northern District of California, where it is presently assigned case number 3:13-cv-02691-MMC.  Plaintiff alleges in his Complaint that, during the applicable limitations period, Defendant failed to pay its California hourly employees all wages due, failed to provide meal and rest periods, failed to pay all work time including overtime, failed to pay minimum wages, failed to timely pay wages during employment and following termination, failed to properly distribute gratuities, failed to provide accurate wage statements, and failed to maintain accurate employment records.

**B. Defendant's Position**

Defendant denies Plaintiff's claims. Defendant does not believe that any liability to Plaintiff or Class Members exists, or that Plaintiff or Class Members are entitled to any recovery. In addition, Defendant contends that Plaintiff's claims are not suitable for class or representative action treatment.

**C. Procedural History**

**1. Litigation Prior to Mediation**

The parties exchanged Rule 26 initial disclosures and exchanged substantial discovery, including copies of relevant employee handbooks and policies, and data and documents related to the size of the proposed class, the number, timing, and frequency of transportation services performed by Plaintiff and other members of the putative class, and the damages alleged against Defendant.   Defendant also provided Plaintiff with substantial information on the wage rates paid to Class Members, wage statements, and other documentation.

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

### 2. Mediation Sessions and Agreement to Class Settlement

The Parties first participated in mediation on February 6, 2014 with Richard S. Whitmore, an experienced mediator with nearly forty years' experience. The mediation was not successful. Following the mediation, the Parties continued to develop and litigate their positions. Defendant contested conditional certification of a class from April to July 2014. (*See, inter alia,* Docket Nos. 31, 35, 36). The Parties further disputed the scope of permissible discovery, which disputes were resolved only after judicial intervention. (*See, e.g.,* Docket No. 48.) In the course of and following these disputes and others, the Parties exchanged further information and arguments that allowed each side to re-evaluate and refine their respective positions.

On January 21, 2015, the Parties participated in a full-day mediation with respected class action mediator Mark S. Rudy, Esq. in San Francisco, California. No agreement was reached at the mediation to resolve the matter. However, in the weeks following the mediation, Mr. Rudy continued working with the Parties until the Parties agreed to the basic terms of a settlement on or about February 20, 2015. Thereafter the Parties diligently albeit contentiously worked to draft a full settlement agreement. At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

On May 29, 2015, the Court granted preliminary approval of the settlement with certain modifications, directed that notice be mailed to class members, and set the date for the fairness hearing. *See* Order of May 29, 2015 (Docket No. 66).

### 3. The Settlement Is An Outstanding Result for the Class.

The settlement payment amount is an outstanding result for the Class Members. If Plaintiff was to prevail on liability at trial, then the amount of damages awarded could fall within a wide range, based on the number of compensable hours at issue, the statute of limitations, the potential punitive damages, among other factors. For example, if Defendant (1) convinced the finder of fact that Plaintiffs did not work during the alleged uncompensated time and/or that such time was not compensable; (2) eliminated the third year of the statute of limitations by establishing any violation was not willful; and (3) avoided punitive damages, the total damages for the class members would likely be much smaller than the agreed upon

4
PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

settlement amount. If, on the other hand, Plaintiff convinced the finder of fact that class members were entitled to many hours per week of overtime pay, was successful in obtaining a three year statute of limitations, and obtained punitive damages, the total damages for the class would be much higher than the agreed upon settlement amount.

Because the variables in an FLSA damage analysis cause the numbers to vary so widely, as shown above, it is often difficult to pinpoint a realistic "potential recovery" in an FLSA case such as this one. At $150,000.00 overall, the proposed settlement is clearly substantial. This is not a settlement where the aggregate figure is large simply because the size of the class is in the tens or hundreds of thousands. Instead, class members are eligible to recover significant financial benefit. These considerations indicate that the proposed settlement falls within the range of reasonableness, warranting preliminary approval. This conclusion is reinforced by considering such factors as the risk that a class might not be certified or might be significantly smaller than proposed, and the time, expense, and complexity of the litigation, including the possibility of appellate proceedings.

With regard to the categories of time that Plaintiff's counsel considered to be the strongest claims applicable to all class members, Plaintiff's counsel has estimated approximate total unpaid straight time of approximately $223,000 classwide. *See* Supplemental Declaration of Steven G. Tidrick, Esq. in Support of Plaintiff's Motion for Preliminary Approval of Class Settlement (Docket No. 62), ¶ 3. That amount is the sum of estimates of $94,000 for post-trip inspection time, $78,000 for turn-in time, $28,000 for medical examination time, and $23,000 for mandatory meetings. *See id.* That amount does not include overtime because Plaintiffs are not pursuing claims for unpaid overtime. *See id.* That amount also does not include sums for Labor Code 203 penalties, rest break claims, or amounts for time spent waiting between shifts, which for settlement discussion purposes was determined to be too speculative to factor into the negotiated amount. *See id.* Defendant presented substantial evidence and arguments (both specific to this Defendant) in support of its factual averments and affirmative defenses, *see, e.g.*, Defendant Bauer's Intelligent Transportation, Inc.'s Memorandum of Points and Authorities In Opposition To Plaintiff's

5

Motion for Approval of *Hoffmann-La Roche* Notice (Docket No. 35), at 3:5-5:6; Decl. of Gary Schwartz In Support Of Defendant Bauer's Intelligent Transportation, Inc.'s Memorandum Of Points And Authorities In Opposition To Plaintiff's Motion For Approval of Hoffmann-La Roche Notice (Docket No. 35-1), ¶¶ 1-7 & Ex. A-D, and also presented substantial arguments and evidence that it would have asserted in opposition to Rule 23 class certification, *see, e.g.*, Docket No. 35 at 9:8-10:26.  While Plaintiff vigorously contests Defendant's position and evidence, Plaintiff reasonably considered and accounted for them in making the above determinations regarding the settlement value of the various claims.

The assumptions underlying the above estimates were an hourly rate of $17.00, and numbers of medical examinations and meeting time amounts are based on information obtained through interviews with drivers and data produced by Defendant.  *See id.*  All of these estimates assume, of course, that Plaintiffs prevail on all aspects of liability, which Defendant contests.  Defendant produced substantial evidence and legal authority in opposition to all of these claims.  A verdict for Defendant would, of course, mean zero recovery for Plaintiffs.

In light of the above-referenced estimated value of the strongest claims applicable to all class members, specifically, total unpaid straight time of $223,000, and taking into account Defendant's defenses for those claims, the gross settlement amount of $150,000 is adequate and reasonable.  *See* Supplemental Declaration of Steven G. Tidrick, Esq. in Support of Plaintiff's Motion for Preliminary Approval of Class Settlement (Docket No. 62), ¶ 4.

While Class Counsel believe that Plaintiff's claims are meritorious, they are experienced class action litigators, and understand that the outcome of class certification, trial, and any attendant appeals were inherently uncertain, as well as likely to consume many more months, even years.   Having reviewed numerous documents, and having extensively investigated and researched the pivotal legal and factual issues, counsel for the parties, experienced class action litigators well versed in wage and hour law, arrived at a reasonable resolution through a protracted and arm's-length mediation and negotiation process, which continued into all details of the settlement agreement and the proposed class notice.

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

Another factor considered in approving a settlement is the complexity, expense, and likely duration of the litigation. *Officers for Justice v. Civil Service Commission of the City and County of San Francisco,* 688 F.2d 615, 625 (9th Cir. 1982). The Court must weigh the benefits of the proposed settlement against the expense and delay involved in achieving an equivalent or more favorable result at trial. *See, e.g., Young v. Katz,* 447 F .2d 431,433-34 (5th Cir. 1971).

The policy that favors settlement of class actions and other complex cases applies with particular force here.  Employment cases, and specifically wage and hour cases, are expensive and time-consuming.  That this is a class action further amplifies the economies of time, effort, and expense achieved by the settlement.  Inevitably, the certification process alone would add time and expense to the litigation process. The settlement, on the other hand, provides to all class members substantial relief, promptly and efficiently.  The settlement in this case is therefore consistent with the "overriding public interest in settling and quieting litigation" that is "particularly true in class action suits." *See Van Bronkhorst* v. *Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976) (footnote omitted); *see also* 4 Newberg on Class Actions § 11.41 (citing cases).

The resulting settlement is, in light of all applicable factors, an outstanding result for the class.

### III.    ARGUMENT

**A.  The Settlement Meets the Legal Standard for Class Certification**

A class action under Rule 23 may not be dismissed, compromised, or settled without the approval of the Court. Fed. R. Civ. P. 23(e).  On May 29, 2015, the Court preliminarily certified the Rule 23 settlement class.  *See* Order of May 29, 2015 (Docket No. 66).  Plaintiff respectfully requests that the Court grant final approval to the Rule 23 settlement class because all of the requirements of Rule 23 are met.  Plaintiff moves that the Court certify, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23 and 29 U.S.C. § 216(b), a settlement class defined as follows:

> All current and former employees of Bauer's Intelligent Transportation, Inc. who worked in the State of California and were employed as a bus operator or in an equivalent position at any time within the Class Period, *i.e.*, the time period from

March 29, 2009 through the Date of Preliminary Approval.

In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997), the Supreme Court addressed the requirements for a settlement class. The Court held that a district court faced with a settlement-only class need not inquire whether the class "would present intractable problems" with trial management, but that the other requirements for certification must still be satisfied. *Id.* at 620.

### 1. The Proposed Settlement Class Is Sufficiently Numerous

To satisfy Rule 23's numerosity requirement, the class must be so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23(a)(1). The numerosity criterion is plainly satisfied where, as here, the number of class members is in the hundreds.

### 2. The Commonality Requirement Is Met

A class may not be certified unless "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). For purposes of the commonality analysis, a common question is one that, when answered as to one class member, will advance the resolution of the claims of the other members of the putative class. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (the claims of the putative class members must depend on a common contention and "be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."). Thus, a "common question" will result in a common answer that will be critical to the resolution of the litigation. *See id.* Such common question must be susceptible to common proof. *Id.*

Here, all class members are Operators, currently or formerly working for Defendants during a defined time period. There are several common factual and legal questions (under federal and California law) that numerous other wage and hour decisions recognize as satisfying the commonality criterion. These questions include, for example, whether the time at issue is compensable. *See, e.g., In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 527 F. Supp.2d 1053, 1062-63 (N.D. Cal. 2007); *Wang v. Chinese Daily News, Inc.*, 231 F.R.D. 602, 607 (C.D. Cal. 2005); *Ramos v. SimplexGrinnell LP*, 796 F. Supp. 2d 346

8

(E.D.N.Y. 2011) (certifying class seeking unpaid wages, finding commonality under Rule 23(a)(2) because unlike *Dukes* the relevant payroll procedures were centralized); *Eddings v. Health Net, Inc.*, 2011 U.S. Dist. LEXIS 115989, *2-3 (C.D. Cal. July 27, 2011) (denying defendant's motion to reconsider certification of class, reasoning that the defendant subjected the class members to the same "timekeeping and rounding policies" and thus the legality of the rounding policies "satisfies *Dukes* and is proper for classwide resolution"). Therefore, given Defendant's uniform policies and practices and the evidence that they result in Operators not being compensated for compensable time, there are common questions "that will connect" the compensation scheme to the "claim for class relief." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (citing *Dukes*, 131 S. Ct. at 2551-52); *Stockwell v. City & County of San Francisco*, 749 F.3d 1107, 2014 U.S. App. LEXIS 7694, *11-16 (9th Cir. 2014) (citing *Ellis*). Plaintiff has presented several common questions, *i.e.*, questions that, when answered as to one class member, will resolve, "in one stroke," an issue that is central to the validity of all Operators' claims. *Wal-Mart*, 131 S. Ct. at 2551. *See* First Amended Complaint (filed May 12, 2013), ¶ 36. For example, for each of the categories of time at issue, a determination of whether the category of time is compensable is critical to the claims of all class members.

### 3. The Typicality Requirement Is Met

Rule 23(a)(3) sets forth the "typicality" requirement. To certify a class, the court must find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed R. Civ. P. 23(a)(3). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class. 'Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Id.* (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). Like commonality, the typicality

9

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

standard is applied "permissive[ly]." *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (quoting *Hanlon* v. *Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998)). It is satisfied if the representatives' claims are "'reasonably coextensive with those of absent class members; they need not be substantially identical.'" *Id.*

Here, the named Plaintiff and each member of the proposed class have an interest in prevailing on the same legal claims. The named Plaintiff was employed as an operator during the proposed class period. The named Plaintiff and the putative class members were allegedly injured by the same course of conduct (*i.e.*, Defendant's common pay practices regarding the categories of time at issue), and seek the same relief. There are no unique defenses that apply solely to the named Plaintiff. By pursuing his interests in this litigation, the named Plaintiff advances both his own interests and those of the other putative class members. Thus, the named Plaintiff's interests are aligned with the interests of the proposed class that the named Plaintiff seeks to represent.

### 4. Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "When considering the adequacy of a class representative, courts generally consider only two questions '(1) [d]o the representative plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Otsuka v. Polo Ralph Lauren Corp.*, 251 F.R.D. 439, 446 (N.D. Cal. 2008) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). Both requirements are met here.

As to the first inquiry, the named Plaintiff's interests are in no way antagonistic to those of the other class members. His interests are aligned with those of the class. They share an interest in compelling Defendant to pay unpaid wages. As to the second inquiry, the named Plaintiff has retained qualified counsel. Plaintiff and his counsel have been prosecuting this action vigorously, and will continue to do so on behalf of the class. The Tidrick Law Firm is experienced in class action litigation. *See* Declaration of Steven G. Tidrick, Esq. in Support of Plaintiff's Motion for Award of Attorneys' Fees, Incentive Award,

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

and Reimbursement of Costs (Docket No. 68-1) ¶¶ 2-3. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

### 5. The Proposed Class Satisfies The Requirements of Rule 23(b)(3)

Certification of a class under Rule 23(b)(3) is appropriate where, as here, "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members" and that a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy." Rule 23(b)(3). In determining whether common issues predominate, the Court first identifies the substantive issues related to the plaintiff's claims; then considers the proof necessary to establish each element of the claim or defense; and considers how these issues would be tried. *See* CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL Ch. 10-C § 10:412 (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179, 2184 (2011) ("Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action."). The predominance requirement is satisfied here. With respect to each claim, all of the issues determinative of Defendant's liability are common, and there are no individual issues that outweigh the common issues or militate against certification.

Class certification is most appropriate in cases that challenge the legality of a defendant's policies and practices that apply to all members of a proposed class. *See, e.g., Blackie v. Barrack*, 524 F.2d 891, 903 (9th Cir. 1975) (finding predominance based on course of conduct common to the class); *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 205 (N.D. Cal. 2009) (finding predominance requirement met and certifying class based on common policy); *Kincaid v. City of Fresno*, 244 F.R.D. 597, 602 (E.D. Cal. 2007) (similar); *Stitt v. San Francisco Mun. Transp. Agency*, 2014 U.S. Dist. LEXIS 61522 (N.D. Cal. May 2, 2014) (similar).

In cases where an employer's compensation scheme allegedly fails to provide compensation for certain activities, courts have found that the question of whether the compensation scheme is legal is a common question of law that predominates over individualized issues. For example, in *Ortega*, truck drivers alleged, among other things, that

11

their employer's compensation scheme did not compensate for time spent performing pre-shift and post-shift duties, and the court certified the class. *Ortega v. J.B. Hunt Transp., Inc.*, 258 F.R.D. 361, 364-65, 374-75 (C.D. Cal. 2009). After *Dukes*, the defendant moved to decertify, arguing that the requirements of commonality and predominance were not met. The court denied the defendant's motion to decertify, reasoning as follows:

> Plaintiffs' allegation . . . is precisely that the "piece rate" compensation is unlawful in its entirety, and there is at least some legal support for this contention. *See, e.g., Cardenas v. McLane FoodServices, Inc.*, 796 F.Supp.2d 1246, 1252 (C.D. Cal. 2011) ("this Court finds that a piece-rate formula that does not compensate directly for all time worked does not comply with California Labor Codes, even if, averaged out, it would pay at least *minimum* wage for all hours worked"); *but see Cole v. CRST, Inc.*, 2012 U.S. Dist. LEXIS 144944, at *17-22 (C.D. Cal. Sept. 27, 2012) . . . . Whether the "piece rate" compensation scheme applied to all class members violates California law is a common question capable of resolution.

*Ortega v. J.B. Hunt Transp., Inc.*, 2012 U.S. Dist. LEXIS 183638, *9-10 (C.D. Cal. Dec. 18, 2012). *See also Bickley v. Schneider Nat'l Carriers, Inc.*, 2012 U.S. Dist. LEXIS 190278, *16, *26 (N.D. Cal. Sept. 7, 2012) ("Whether [defendant] is correct and it is legal under California law to incorporate pay for certain activities into the piece-rate compensation for other activities is a question of law which is common to all putative class members . . . . Whether such a compensation scheme is legal is a question of law which may be determined on a class-wide basis and which predominates over individualized issues"); *Mendez v. R+L Carriers, Inc.*, 2012 U.S. Dist. LEXIS 165221, *31-32, *47-49 (N.D. Cal. Nov. 19, 2012) (distinguishing *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), finding that the defendant's pay practices, including a "piece rate" pay formula, raised "several common questions of law and fact," and holding that predominance requirement was met because the plaintiffs' wage-and-hour claims raised common factual questions about the defendant's compensation scheme, as well as legal questions relevant to all putative class members).

In determining whether a class action would be "superior to other available methods for fairly and efficiently adjudicating the controversy," courts consider: (1) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against members of the class; (3) the desirability or undesirability of concentrating the litigation of the

12

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC

claims in the particular forum; and (4) any difficulties likely to be encountered in the management of a class action. *See* Rule 23(b)(3); *Amchem Prods.*, 521 U.S. at 615.

The first factor weighs in favor of certification. The prospective individual recoveries are too small for most lawyers to be able to pursue the claims individually, especially given the amount of investigation and discovery required regarding Defendant's policies and practices. Courts regularly find that a class action is the superior method of adjudication where, as here, "few potential class members could afford to undertake individual litigation against [the defendant] to recover the relatively modest damages at issue. Therefore, in the absence of a class action, few class members would have any meaningful redress against [the defendant] as a practical matter." *Chamberlan v. Ford Motor Co.*, 223 F.R.D. 524, 527 (N.D. Cal. 2004). Also, "federal courts have widely recognized that fear of retaliation for individual suits against an employer is a justification for class certification in the arena of employment litigation." *Gentry v. Superior Court*, 42 Cal. 4th 443, 460 (2007), superseded on other grounds by *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).

As to the second factor, Plaintiff's counsel knows of no individually filed actions alleging the same claims that are at issue in this case. That fact further demonstrates that each class member's damages are not enough to "provide the incentive for any individual to bring a solo action prosecuting his or her rights." *See Amchem Prods.*, 521 U.S. at 617.

The third factor also weighs in favor of certification. Every class member's claims are based on the alleged illegality of enterprise-wide policies and practices. It would be inefficient for each class member to have to file an individual action against Defendant in order to claim their unpaid wages. Although all Operators theoretically could file such individual actions in federal court, state court, or the DLSE, the result would be more than seven hundred individual trials re-litigating, in multiple tribunals, the same legal questions about the same enterprise-wide policies and practices.

The claims here challenge common, uniform policies and practices. Specifically, Plaintiff's claims challenge aspects of Defendant's compensation scheme, which applies to all Operators. Because the questions of law and fact common to class members predominate

13

over individual issues, and because the class action is the superior method for adjudicating this case, the proposed class satisfies the requirements of Rule 23(b)(3).

For all the foregoing reasons, the Court should grant final certification to the Rule 23 Settlement Class.

**B. The Court Should Approve the Settlement Agreement as Fair and Reasonable**

The Court preliminarily approved the settlement on May 29, 2015 as fair, adequate, and reasonable, and within the range of possible approval. *See* Order of May 29, 2015 (Docket No. 66). Notice was mailed to class members regarding the terms of the settlement, the monetary relief, the allocation formula, and their right to opt out or object to the settlement. *See* Declaration of Kathleen Wyatt (representative of the settlement administrator, Gilardi & Co), filed herewith. Out of the 302 individuals on the class list, only twelve (12) (fewer than four percent) have opted out of the settlement. *See id*. No class member has objected to the settlement. *See* id.

The low number of opt outs, and the fact that no class member has objected to the settlement, demonstrate a general acceptance of the Settlement by Class Members. "The lack of objections and the low number of opt outs demonstrate a general acceptance of the Settlement by Class Members." *Wallace v. Powell*, 301 F.R.D. 144, 160-161 (M.D. Pa. 2014). *See, e.g., Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (approving settlement where "only" 29 objections were made in a 281-member class).

"[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members. Thus, the Court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it." *Ching v. Siemens Indus.*, 2014 U.S. Dist. LEXIS 89002, at *18-19 (N.D. Cal. June 27, 2014) (citations and internal quotations omitted).

Similarly, no objections to Class Counsel's fee application have been filed. "The absence of objections supports the reasonableness of the fee request." *Frederick v. Range Resources-Appalachia, LLC*, 2011 U.S. Dist. LEXIS 27350 (W.D. Pa. Mar. 17, 2011) (citing

14

*In re Rent-Way Sec. Litig.*, 305 F. Supp. 2d 491, 514-15 (W.D. Pa. 2003)); *In re Amer. Inv. Life Ins. Co. Annuity and Mktg. & Sales Practices Litig.*, 263 F.R.D. 226, 244 (E.D. Pa. 2009) ("small number of objections and the objections' lack of merit indicate that the class is satisfied with the fee award"). "This factor also weighs in favor of the requested award of attorneys" fees." *Wallace v. Powell*, 301 F.R.D. 144, 165 (M.D. Pa. 2014).

For all those reasons, and the for the reasons set forth in the filings that that Court considered in granting preliminary approval of the settlement, Plaintiff respectfully requests that the Court find that the Settlement Agreement is fair and reasonable and grant final approval.

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court grant his motion for final approval of the class settlement.

DATED: September 4, 2015            Respectfully submitted,

THE TIDRICK LAW FIRM

By:    /s/ Steven G. Tidrick
_____
STEVEN G. TIDRICK, SBN 224760

15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT; MEMO. OF POINTS AND AUTHORITIES - *Armstrong v. Bauer's Intelligent Transp., Inc.*, Case No. 3:13-cv-02691-MMC