UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RORY ARMSTRONG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAUER'S INTELLIGENT TRANSPORTATION, INC.; and DOES 1 to 50,<br><br>Defendants. | CASE NO. 3:13-CV-02691-MMC<br><br>**DECLARATION OF KATHLEEN WYATT RE: NOTICE** |

I, Kathleen Wyatt, declare as follows:

    1.    I am employed by Gilardi & Co., LLC ("Gilardi"), located at 3301 Kerner Blvd., San Rafael, California. Gilardi was appointed as the Settlement Administrator in this matter. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

    2.    Gilardi performed the services listed herein under my supervision relating to the dissemination of the Notice and claims processing. Gilardi was formed in 1984 to assist attorneys with securities, antitrust, consumer protection class actions, and other similar matters.

3. On June 8, 2015, Gilardi received from Defendant's counsel a list of the names, mailing addresses, and days worked within the class period for all identified class members in this matter with known addresses. On June 16, 2015, Gilardi received an updated list from Defendant's counsel, which also included the social security numbers for all identified class members. Gilardi formatted the updated list for mailing purposes and processed the names and addresses through the National Change of Address Database to update any addresses on file with the United States Postal Service ("USPS").

4. On June 22, 2015, Gilardi caused the Notice of Class Action Settlement ("Notice") to be printed and mailed to the 302 names on the list. Gilardi delivered the Notice to the United States Post Office located in San Rafael, California. A true and correct copy of the Notice is attached hereto as Exhibit A.

5. Since mailing the Notice to the class members, Gilardi has received 17 Notices returned by the USPS with undeliverable addresses. Gilardi, through a third party locator service, performed address searches for these Notices and was able to find updated addresses for 13 of them. The Notices were re-mailed to those updated addresses.

6. The opt-out filing postmark deadline was on August 21, 2015. To date, Gilardi has received 12 requests to opt-out from the Settlement. A true and correct copy of the list of class members who have requested to opt-out is attached hereto as Exhibit B.

7. The objection filing postmark deadline was on August 21, 2015. To date, Gilardi has received no objections to the Settlement.

8. On or before June 22, 2015, Gilardi established a toll-free telephone number that class members could call and speak to a live operator to answer class member inquiries. English and Spanish speaking live operators are available Monday through Friday between the hours of 7:00 a.m. and 5:00 p.m. Pacific Time.

9. The total cost for Gilardi's administration of this settlement was estimated to not exceed $15,000. Gilardi's final invoice is $14,400.90.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 4th day of September, 2015 at San Rafael, California.

_Kathleen Wyatt_
KATHLEEN WYATT

3
DECLARATION OF KATHLEEN WYATT

# EXHIBIT A

**Important Notification To Class Members. This Notice Involves Your Legal Rights. This Notice Is Not A Communication From The Court And It Is Not An Expression Of Any Opinion By The Court As To The Merits Of The Claims Or Defenses By Either Side In The Lawsuit. Please Do Not Contact The Court About This Matter.**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**NOTICE OF CLASS ACTION SETTLEMENT**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Barcode   BarDisplay
FName LName
Addr1 Addr2
City, St Zip-Zip4

**If you worked for Bauer's Intelligent Transportation, Inc. in California as a bus operator or in an equivalent position at any time on or after March 29, 2009 through May 29, 2015 (the "Class Period"), this Notice describes your rights and potential benefits from a class action settlement.**

| Your Claim Number: | <<ClaimID>> |
|---|---|
| Your Control Number: | <<Control>> |

**Why did I get this Notice?**  You received this Notice because a proposed settlement of a class action lawsuit filed against Bauer's Intelligent Transportation, Inc. ("Bauer's") by an hourly employee ("Plaintiff") has been reached in the United States District Court for the Northern District of California (*Armstrong, et. al. v. Bauer's Intelligent Transportation, Inc.*, United States District Court for the Northern District of California, Case No. 3:13-cv-02691-MMC) ("the Settlement").

This Notice summarizes the Settlement. For the precise terms and conditions of the Settlement, please see the Settlement, which is titled "Joint Stipulation of Settlement and Release," available online at www.tidrick.com/BauersSettlement.pdf, by contacting class counsel (whose contact information is at the end of this Notice), by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays at the following address: Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102.

You may be in the Settlement Class because Bauer's records indicate you were employed by Bauer's in California as a bus operator or in an equivalent position, at some time during the Class Period.

A person who does not exclude himself or herself is a "Settlement Class Member."  The Court authorized this Notice because you have a right to know about the Settlement and your options before the Court decides whether to approve the Settlement.  Because your rights will be affected by the Settlement, it is extremely important that you read this Notice.

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **DO NOTHING** | If you do nothing, you will remain a part of the case and receive a settlement payment in approximately the amount identified below the box marked "Estimated Settlement Payment." You will also release all claims brought in the Lawsuit or that could have been pleaded based upon the factual allegations set forth in the Lawsuit. |
| **EXCLUDE YOURSELF** | You may exclude yourself from the Settlement by submitting a letter in accordance with the directions on page 3, in which case you will receive no payment, but might preserve your right to pursue your claims in a separate lawsuit.  This is the only option that could allow you to bring your own lawsuit or claim, or to be a part of another lawsuit against Bauer's for the same or similar claims brought in this lawsuit, including claims for unpaid wages and unlawful deductions. *If you exclude yourself from the Settlement, you will not be entitled to receive any payment from the Settlement Fund.* |
| **OBJECT** | You may object to the Settlement by writing to the Court and explaining why you disapprove of the Settlement.  If you exclude yourself from the Settlement, you may not object.  If you object in writing, you may also ask to speak in Court about the fairness of the Settlement at the Final Fairness Hearing.  If you file an objection, you may only appear in Court to speak about the fairness of the Settlement if you file a timely written objection to the Settlement, you indicate your intent to speak at the hearing, AND you do not exclude yourself from the Settlement. |

**What is this lawsuit about?**  A former driver for Bauer's brought this lawsuit alleging that Bauer's failed to pay its California bus operators (and those working in an equivalent position) all wages due, failed to provide meal and rest periods, failed to pay for all work time including overtime, failed to pay minimum wages, failed to timely pay wages during employment and following termination, failed to properly distribute gratuities, failed to provide accurate wage statements, and failed to maintain accurate employment records.  Bauer's strenuously disputes the allegations, but has agreed to settle the lawsuit in order to avoid the burden, expense, inconvenience, and uncertainty of continued litigation.

**What are the terms of the Settlement?**  To settle the lawsuit, Bauer's has agreed to pay a Settlement Amount of one hundred fifty thousand dollars ($150,000) into a fund (the "Settlement Fund"), which will cover: (1) payments to eligible persons in the Settlement Class including all interest and employee-side withholding taxes (such as FICA and FUTA) on all settlement amounts paid out as wages; (2) Class Counsels' attorneys' fees in an amount not to exceed 1/4 of the Settlement Amount ($37,500), if approved by the Court; (3) Class Counsels' reasonable litigation expenses (up to $12,000); (4) a payment of $4,000 to the class representative; (5) a $1,000 payment to California's Labor and Workforce Development Agency ($250 of which would be distributed to Settlement Class Members), and (6) the costs of administering the Settlement (up to $15,000), payable to the claims administrator, Gilardi & Co. LLC.

**Payments.**  If you are a Settlement Class Member, you are eligible to receive a payment that will be calculated based on the number of days you worked for Bauer's as a bus operator or in an equivalent position in California that Bauer's records indicate you worked during the Class Period identified above.  This amount is set forth in the box marked "Estimated Settlement Payment."

**How much is my settlement payment?**  Under the settlement allocation formula, based on <<DaysWkd>> days worked, you are entitled to receive approximately the following amount:

**Estimated Settlement Payment:**              $<<EstSet>>

The amount above will be reduced for any requested or required withholdings, including state and federal taxes, income withholding orders, garnishments, or levies.  Half of the above payment will be reported as wages and reported on a W-2.  The other half of the above amount is non-wage remuneration and, if required, will be reported on a Form 1099.  Neither Class Counsel nor Bauer's make any representations concerning the tax consequences of the Settlement or participation in it, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

**Who is included in the Settlement?**  To be a Settlement Class Member, you must have been employed by Bauer's in California as a bus operator or in an equivalent position during the Class Period.

2

If you are still not sure whether you are included, you can call the Settlement Administrator at 877-254-0787 to ask for free help.

## HOW YOU GET A PAYMENT

**How do I get my payment?**  If you do nothing, you will receive the Estimated Settlement Payment described above.  In this case, you will be sent a settlement check if and when the Court approves the Settlement and after any and all appeals have been exhausted.  If you choose to exclude yourself, you will not be entitled to receive a payment.

**When will I get my payment?**  The Court will hold a hearing on September 18, 2015, at 9:00 a.m. to determine whether to approve the Settlement.  If the Court approves the Settlement, there may be appeals after that may delay the process.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**How do I exclude myself?**  If you don't want to be a Settlement Class Member, you must exclude yourself from the Settlement.  To exclude yourself from the Settlement, you must send a letter by mail that includes the words: "I understand my rights and request to be excluded from the Bauer's Settlement.  I understand I will not receive a settlement payment."  You must sign the letter and include your full name, address, Social Security Number, and telephone number(s).  Your letter must be **postmarked no later than August 21, 2015** and sent to the Settlement Administrator at the following address:

> Armstrong v. Bauer's Intelligent Transportation, Inc. Settlement Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8060
> San Rafael CA 94912-8060

If you properly request to be excluded, you will not be legally bound by anything that happens in this lawsuit.  You also will not be eligible to receive any settlement payment, and you will not be allowed to object to the Settlement.

## THE LAWYERS REPRESENTING YOU

**Do I have a lawyer in this case?**  The Court has decided that the lawyers at the law firm of The Tidrick Law Firm are qualified to represent you and all Class Members.  This law firm and its lawyers are called "Class Counsel."

**How will Class Counsel be paid?**  Class Counsel have pursued the lawsuit on a contingent fee basis and have not received any payment of fees or any reimbursement of their out-of pocket expenses related to the recovery on behalf of the Class.  As part of the settlement, subject to Court approval, Class Counsel will ask the Court to approve payment of one-quarter of the Settlement Amount for attorneys' fees (*i.e.*, thirty seven thousand five hundred dollars ($37,500)).  These fees would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement.  Class Counsel will also seek reimbursement of its reasonable litigation expenses of no more than twelve thousand dollars ($12,000).  The Court may award less than these amounts.

## OBJECTING TO THE SETTLEMENT

**How do I object to the Settlement?**  If you are a Settlement Class Member, you may object to the Settlement in writing.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  To object, you must send a letter by mail that includes the words: "I object to the Bauer's Settlement." as well as all reasons for the objection.  You must sign the letter and include your full name, address, Social Security Number, and telephone number(s).  You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for paying that attorney.  All written objections and supporting papers must clearly identify the case name and number (*Armstrong, et. al. v. Bauer's Intelligent Transportation, Inc.*, United States District Court for the Northern District of California, Case No. 3:13-cv-02691-MMC), must be **postmarked no later than August 21, 2015**, and must be submitted to the Settlement Administrator at the following address:

> Armstrong v. Bauer's Intelligent Transportation, Inc. Settlement Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8060
> San Rafael CA 94912-8060

**What is the difference between objecting and excluding?**  Objecting is simply telling the Court that you disapprove of something about the Settlement.  You can object only if you stay in the Settlement Class.  If you exclude yourself from the Settlement Class, you may not object.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

**What is the Fairness Hearing?**  The Court will hold a Fairness Hearing to decide whether to approve the Settlement.  If you wish, you may attend and you may ask to speak.  If you wish to bring anything to the Court's attention about the Settlement, you should provide it in writing in your letter to the Settlement Administrator objecting to the Settlement.  The Settlement Administrator will provide your letter to the Court before the Fairness Hearing.

**When and where will the Court decide whether to approve the Settlement?**  The Court will hold a Fairness Hearing on September 18, 2015, at 9:00 a.m., at the United States District Court for the Northern District of California, San Francisco Courthouse, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, in Courtroom #7.

At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

**Do I have to come to the hearing?**  No.  Class Counsel will answer questions the Court may have.  But, you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it.  As long as you submitted a timely, valid written objection, the Court will consider it.  You may also pay another lawyer to attend, but it is not necessary.

**May I speak at the hearing?**  If you file a timely, valid objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must include the words "I intend to appear at the Fairness Hearing" in your written objection, which must be filed according to the procedure described above.  Your testimony at the Fairness Hearing will be limited to those reasons that are included in your written objection.  You cannot speak at the hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

**Are there more details about the Settlement?**  This Notice summarizes the proposed terms of the Settlement.  More details are contained in the Settlement itself.  You can get a copy of the Settlement and motion for attorneys' fees, costs, and payment to the class representative by visiting the website www.tidrick.com/BauersSettlement.pdf or by sending a request, in writing, to:

> Armstrong v. Bauer's Intelligent Transportation, Inc. Settlement Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8060
> San Rafael CA 94912-8060
> E-Mail: Classact@Gilardi.com

**How can I get more information about the Settlement?**  If you have other questions about the Settlement, you can contact the Claims Administrator (contact information above), or Class Counsel at the addresses and/or telephone numbers below.

Steven G. Tidrick, Esq.
Joel B. Young, Esq.
**The Tidrick Law Firm**
2039 Shattuck Avenue, Suite 308
Berkeley, CA 94704
Telephone:    510.788.5100

DATED:         June 22, 2015

4

# EXHIBIT B

| ClaimID | FirstName | LastName | City | State | Opt Out Date |
|---|---|---|---|---|---|
| BAAR1-100001580 | ARTHUR | ARAIZA SR | SAN JOSE | CA | 7/29/2015 |
| BAAR1-100001718 | BERTHA | MARIN | HAYWARD | CA | 8/6/2015 |
| BAAR1-100002528 | CARMEN M | SOLORZANO | EDMOND | OK | 8/6/2015 |
| BAAR1-100002757 | GUILLERMO | VARGAS | SAN JOSE | CA | 8/6/2015 |
| BAAR1-100001025 | ALFRED | DILIBERTO | SAN JOSE | CA | 8/7/2015 |
| BAAR1-100000479 | MONTE LAMAR | KELLEY | SAN JOSE | CA | 8/12/2015 |
| BAAR1-100001688 | MARIA | BETHANCOURT | SAN JOSE | CA | 8/13/2015 |
| BAAR1-100002641 | SAM | TOMASELLO | SAN JOSE | CA | 8/17/2015 |
| BAAR1-100000860 | RHONDA | COLVIN | SAN MATEO | CA | 8/19/2015 |
| BAAR1-100000533 | THOMAS | KWAN | SAN FRANCISCO | CA | 8/19/2015 |
| BAAR1-100002218 | RAYNARD | PUGH | SAN MATEO | CA | 8/19/2015 |
| BAAR1-100000061 | ERNEST | LEWIS JR | ANTIOCH | CA | 8/21/2015 |