THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
JOEL B. YOUNG, SBN 236662
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com
E-mail: jby@tidricklaw.com

Attorneys for Individual and Representative
Plaintiff RORY ARMSTRONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RORY ARMSTRONG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAUER'S INTELLIGENT TRANSPORTATION, INC.; and DOES 1-50,<br><br>Defendants. | Civil Case Number: 3:13-cv-02691-MMC<br><br>**[PROPOSED] ORDER GRANTING (1) PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND (2) PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, INCENTIVE AWARD, AND REIMBURSEMENT OF COSTS**<br><br>Hearing Date: September 18, 2015<br>Time: 9:00 a.m.<br>Place: 450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom 7, 19th Floor<br><br>The Honorable Maxine M. Chesney |
|---|---|

Plaintiff's unopposed Motion for Final Approval of Class Settlement and Motion for Award of Attorneys' Fees, Incentive Award, and Reimbursement of Costs came on regularly for hearing on September 18, 2015, at 9:00AM, in the United States District Court for the Northern District of California, the Honorable Maxine M. Chesney presiding. All parties were represented by counsel.

Having considered the memoranda and declarations, oral arguments of counsel, and the relevant statutory and case law, the Court GRANTS Plaintiff's motions and orders and finds as follows:

1

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; *Armstrong v. Bauer's Intelligent Transportation, Inc.*, Case No. 3:13-cv-02691-MMC

1. The Motion for Final Approval of Class Settlement is GRANTED.

2. The Parties' proposed Joint Stipulation of Settlement and Release and the attachment thereto entitled Notice of Class Action Settlement, filed April 10, 2015 ("Settlement") (Docket No. 57), which the Court preliminarily approved as fair, adequate, and reasonable, and within the range of possible approval, is approved with certain modifications as set forth in the Order Granting Plaintiff's Motion for Preliminary Approval of Class Settlement (Docket No. 66), and incorporated with those modifications by reference as if fully set forth herein, and the definitions used therein are adopted for use herein as fair and reasonable as set forth herein.

3. ~~This ruling is based on federal common and statutory law, including 29 U.S.C. § 216(b) and the Federal Rules of Civil Procedure, as well as federal and other authority, including the Federal Judicial Center's Manual For Complex Litigation (4th ed. 2004) and Annotated Manual For Complex Litigation - Fourth (2005).~~

In determining whether the proposed settlement should be approved, the Court has considered the following eight factors: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." See Churchill Village, LLC v. General Electric, 361 F.3d 566, 575 (9th Cir. 2004). The Court also has considered whether the proposed settlement is "the product of collusion among the negotiating parties." Id. at 576.

~~3.~~5. The notice provided constituted the best notice practicable under the circumstances and met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

4. The proposed Settlement Agreement is fair, adequate, and reasonable and therefore approved; The Court certifies, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23

2

1  and 29 U.S.C. § 216(b), a settlement class defined as follows:  All current and former employees
2  of Bauer's Intelligent Transportation, Inc. who worked in the State of California and were
3  employed as a bus operator or in an equivalent position at any time within the Class Period, *i.e.*,
4  the time period from March 29, 2009 through the Date of Preliminary Approval.

5      5.     Plaintiffs' attorneys, Steven G. Tidrick, Esq. and Joel Young, Esq. of The Tidrick
6  Law Firm are appointed Class Counsel, and Plaintiff Rory Armstrong is appointed as the Class
7  Representative.

8      6.     Gilardi & Co. LLC is appointed as the Settlement Administrator.

9      7.     The *cy pres* recipient shall be Legal Aid Society – Employment Law Center,
10  180 Montgomery Street, San Francisco, California.

11      8.     The Settlement Administrator shall distribute the awards to the class members ~~as~~
12  ~~specified in~~ in accordance with the Settlement Agreement.

13      9.     No member of the Rule 23 class has objected to the Settlement Agreement.
14  Twelve putative class members, as listed in Exhibit B to the Declaration of Kathleen
15  Wyatt, have timely requested exclusion from the Settlement Class and are hereby
16  excluded.

17      10.     Under Federal Rules of Civil Procedure 23(h)(1) and 54(d)(2), Plaintiff in this
18  class action has moved for an award of attorneys' fees, incentive award, and reimbursement of
19  costs.  Pursuant to Rule 23(h)(3), the Court must make findings of fact and state its conclusions of
20  law.

21      11.     This class action settlement resolves a wage-and-hour dispute on a class-wide
22  basis.

23      12.     The Court's May 29, 2015 order granted preliminary approval of the class-wide
24  settlement agreement, an agreement which specified that Class Counsel could request
25  reimbursement from the settlement fund for up to $37,500 in attorneys' fees and costs, up to
26  $12,000 in costs, and up to $4,000 as an incentive award to the Class Representative.

27      13.     Rule 23(h) provides that, "[i]n a certified class action, the court may award

3

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; *Armstrong v. Bauer's Intelligent Transportation, Inc.*, Case No. 3:13-cv-02691-MMC

reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement." The Rule further provides that "[a] claim for an award must be made by motion under Rule 54(d)(2)," notice of which must be "directed to class members in a reasonable manner" and that the Court "must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(1) & (3). In turn, Rule 54(d)(2) requires a claim for fees to be made by motion, and specifies its timing and content, including, in relevant part, "the grounds entitling the movant to the award" and "the amount sought." Fed. R. Civ. P. 54(d)(2)(B). Notice of this fee-award motion was provided in the class notice.

14. When "the settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" of calculating attorneys' fees awards. *In Re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011).

15. Under the percentage-of-the-fund method, it is appropriate to base the percentage calculation on the gross settlement amount. *See generally Boeing v. Gemert,* 444 U.S. 472, 479, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980); *Williams v. MGM-Pathe Commc'ns Co.,* 129 F.3d 1026, 1027 (9th Cir. 1997).

16. The Court adopts the percentage-of-the-fund approach here and finds that the fee-and-expense amount is reasonable. The fee award of 25% of the fund is within the range of reasonable percentage-fee awards in this Circuit. *See, e.g., Fischel v. Equitable Life Assur. Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("We have established a 25 percent benchmark in percentage-of-the-fund cases that can be adjusted upward or downward to account for any unusual circumstances involved in [the] case." (internal quotation marks and citation omitted)); *In re Pac. Enters. Sec. Litig.,* 47 F.3d 373, 379 (9th Cir. 1995) ("[t]wenty-five percent is the 'benchmark' that district courts should award in common fund cases" (citation omitted)).

17. In terms of a lodestar cross-check, the attorneys' fees requested, 25% of the common fund amount of $150,000, equates to $37,500, which is less than 30% of the lodestar amount of $128,226. The Court finds that Class Counsel's hours and hourly rates are reasonable, thus, the requested fee award results in a "negative multiplier" and supports a finding that the

4

requested percentage of the fund, 25%, is reasonable and fair.

18. "The prevailing view is that expenses are awarded in addition to the fee percentage.'" *Jefferson v. H&M Hennes & Mauritz*, L.P., 2013 U.S. Dist. LEXIS 2875 at *9 (C.D. Cal. filed Jan. 7, 2013) (quoting 1 ALBA CONTE, ATTORNEY FEE AWARDS § 2:08 at 50–51). To date, Class Counsel have advanced all costs incurred in this case. The Tidrick Law Firm's total incurred litigation expenses were $6,592.52 as of June 22, 2015, and do not include modest, but real, expenses subsequently incurred. These costs are reasonable.

19. An "enhancement" payment to Plaintiff Rory Armstrong of $4,000 is justified.

20. Therefore, the Court orders an award of $37,500 in attorneys' fees and $6,592.52 in incurred litigation costs to The Tidrick Law Firm, and an "enhancement" payment to Plaintiff Rory Armstrong of $4,000, from the common-fund settlement of $150,000.

21. The above-titled action is hereby dismissed, and the claims of the Class Members and the Class Representatives are released as provided in the Settlement Agreement.

It is so ORDERED.

DATE: September 21, 2015.

The Honorable Maxine M. Chesney
United States District Court

5

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT; *Armstrong v. Bauer's Intelligent Transportation, Inc.*, Case No. 3:13-cv-02691-MMC